(30 Misc. Rep. 21.)

### In re EHMINNE'S WILL.

(Surrogate's Court, New York County. December, 1899.)

WILLS—TESTAMENTARY CAPACITY—UNDUE INFLUENCE—EVIDENCE—BURDEN OF PROOF.

A woman about 70 years of age, comparatively ignorant, and without known relatives, made a will about an hour before her death, and when too feeble to sign her name otherwise than by a cross. The will gave a legacy of $1,000 to a washerwoman, with whom she had but slight acquaintance, and bequeathed the balance of her estate of about $19,000 to a person of questionable character, a stranger in blood, and almost so in acquaintance, and as to whom decedent had expressed fear and dislike, and named the lawyer who drew the will as executor. This disposition of her property was at total variance with a will made by decedent 11 years before, when in perfect health, and which described the beneficiary as her "so called sister." The latter was entirely ignored in the later will, though no estrangement was shown. Two medical experts testified that decedent could not have been mentally competent at the time the later will was made. *Held*, that the evidence failed to show testamentary capacity and to repel the presumptions of fraud and undue influence.

Proceedings for the probate of two wills executed by Christine Ehminne, otherwise known as Kristine Ihminni, deceased, both of which were contested. Decree admitting earlier will to probate.

Walter M. Rosebault, for contestants of later will and for proponents of first will.

Boardman & Boardman (James A. O'Gorman, of counsel), for proponents of later will and contestants of previous will.

VARNUM, S. This case was tried before my predecessor, Mr. Surrogate ARNOLD, but was not decided by him, and has since, after an extended oral argument, been resubmitted to me. After a careful consideration of the voluminous testimony and the elaborate briefs of the counsel, I find that the earlier will—that of October 15, 1885—was duly executed in accordance with the statutory requirements, and is entitled to admission to probate, unless subsequently revoked. In the consideration of the later will pro-

pounded for probate—that of April 24, 1896—many circumstances seem to demand careful investigation and consideration. An aged German woman, about 70 years old, comparatively ignorant, without known relatives, who had been seriously ill for some time, is said to have executed this will about one hour before her death from pleurisy and pneumonia, when weak and feeble in body, almost in extremis, and prevented from collapse and aroused into an intelligence only through hypodermic injections of brandy, strychnine, and musk. She was too weak to write her name, and could only make a cross when her hand was guided. The will in question was totally at variance with one made by her 11 years before, when in perfect health; ignored the beneficiary in the former will, whom she had therein described as her "so-called sister"; named the lawyer who drew the will, an entire stranger to decedent, as executor; gave a legacy of $1,000 to a washerwoman, with whom it appears she had but slight acquaintance, but who was then nursing her, and the balance of her estate (some $19,000) to a female doctor of somewhat questionable character and standing, who lived in the same tenement (a stranger in blood, and almost in acquaintance; a person as to whom, it appears by the evidence, the decedent had expressed her fear and dislike). It does not appear that there had been any real estrangement between the decedent and her "so-called sister," the beneficiary under the former will; and it seems from the testimony that the latter and her husband had rendered many services and kindnesses to the decedent, while, on the other hand, no special obligations on the part of the decedent to any of the beneficiaries in the later appear from the evidence. There are other singular and suspicious circumstances revealed by the testimony, to which it is not necessary here to refer. Two medical experts, called by the contestants, have expressed opinion that the decedent could not have been mentally competent to execute the will at the time when it was made. The burden of proof is upon the proponents of affirmatively proving testamentary capacity. Rollwagen v. Rollwagen, 63 N. Y. 504, 517; Kingsley v. Blanchard, 66 Barb. 317, 322; In re Nolte's Will, 10 Misc. Rep. 608, 32 N. Y. Supp. 226; Delafield v. Parish, 25 N. Y. 1. See, also, In re Barbineau's Will, 27 Misc. Rep. 417, 59 N. Y. Supp. 375, and cases cited. In view, moreover, of the peculiar and suspicious circumstances referred to, I am of opinion that the burden of proof has shifted upon the proponents to repel presumptions of fraud and undue influence. Matter of Budlong, 126 N. Y. 423–433, 27 N. E. 945; In re Monroe, 2 Con. Sur. 395, 20 N. Y. Supp. 82; In re Nolte, supra; In re Clausmann's Will, 5 N. Y. St. Rep. 329; Tyler v. Gardiner, 35 N. Y. 559, 594; Rider v. Miller, 86 N. Y. 507; McLaughlin v. McDevitt, 63 N. Y. 213. See, also, as to previously expressed testamentary intention, In re Way, 6 Misc. Rep. 484, 27 N. Y. Supp. 235. The proponents have, in my judgment, failed to prove affirmatively the testamentary capacity of the decedent, or to repel the presumption of fraud or undue influence, as required. Submit findings and decree in accordance with the views above expressed.

Decreed accordingly.